IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL E. MEYERS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:07-CV-0259 |
| | : (JUDGE KOSIK) |
| GEORGE W. BUSH, | : |
| Defendant. | : |

**MEMORANDUM**

Before the court is Cheryl Meyers' (hereinafter "Plaintiff") motion for reconsideration (Doc. 10) of our order dismissing Plaintiff's complaint pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i). Also before the court is Plaintiff's motion for summary judgment (Doc. 11) and supporting briefs. For the reasons that follow, we will deny both motions and let stand our February 28, 2007, order dismissing Plaintiff's complaint.

**I.    BACKGROUND**

Plaintiff filed the above civil rights action on February 9, 2007, alleging that the defendant violated several sections of the United States Constitution. Plaintiff submitted an application requesting leave to proceed *in forma pauperis*, filed a summary judgment motion, and filed a motion to acquire the services of an experienced astrologer. In her complaint, Plaintiff asserts that the defendant, as well as assorted elected officials, federal agency employees, and prominent individuals gather for meetings at a room in the housing complex where Plaintiff resides. She

contends that these individuals are invisible and that they torment Plaintiff with screams. On February 28, 2007, we dismissed Plaintiff's complaint as frivolous pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i), and denied Plaintiff's remaining motions as moot. Plaintiff filed a motion for reconsideration and for summary judgment on March 2, 2007.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. V. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In this instance, Plaintiff's motion for reconsideration merely restates her allegations regarding the actions of an invisible cabal that meets in the housing complex where Plaintiff resides. We will deny Plaintiff's motion for reconsideration and deny as moot Plaintiff's motion for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHERYL E. MEYERS, :
:
    Plaintiff, :
:
    v. : CIVIL ACTION NO. 3:07-CV-0259
: (JUDGE KOSIK)
GEORGE W. BUSH, :
:
    Defendant. :

## **ORDER**

AND NOW, this 7th day of March, 2007, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's motion for reconsideration (Doc. 10) is **DENIED**;

[2] the plaintiff's motion for summary judgment (Doc. 11) is **DENIED AS MOOT**; and,

[3] the Order dated February 28, 2007, (Doc. 9) dismissing the plaintiff's complaint and closing the case, will stand.

                                                    s/Edwin M. Kosik
                                                  United States District Judge